**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. __26-8150-RMM__

**UNITED STATES OF AMERICA**

v.

 **IVAN GODINEZ-MOTA,**

FILED BY____SP____D.C.

**Feb 26, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

_____**Defendant.**_____/

**CRIMINAL COVER SHEET**

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes  ☑ No

3.  Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes  ☑ No

4.  4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _Rinku Tribuiani_____

RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.     0150990
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:     (561) 820-8711
Fax:     (561) 820-8777
Email:  Rinku.Tribuiani@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| IVAN GODINEZ-MOTA, | ) | Case No.   26-8150-RMM |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

**FILED BY_____SP_____D.C.**

**Feb 26, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____May 23, 2025_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andy Korzen, ICE Deportation Officer
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: 2/26/26

_____
*Judge's signature*

City and state:        West Palm Beach, FL

Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF ANDY KORZEN**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**IMMIGRATION AND CUSTOMS ENFORCEMENT**

I, Andy Korzen, being duly sworn, depose and state as follows:

1.      I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-two years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Ivan GODINEZ-MOTA committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

3.      On May 23, 2025, at approximately 12:30 a.m., members of the Boynton Beach Police Department were dispatched to 1403 Boynton Beach Blvd, Boynton Beach, Forida 33426 (Major's Dive Bar) in reference to a report of shots fired. Upon arrival, they learned of a fight between a male, later identified as Ivan GODINEZ-MOTA and a female, later identified as A.P. They learned that Ivan GODINEZ-MOTA fired several rounds towards A.P., and that both Ivan GODINEZ-MOTA and A.P. left prior to police arrival.

5.      Investigation revealed that in the parking front of Major's Dive Bar, Ivan GODINEZ-MOTA and A.P were involved in a physical altercation. Ivan GODINEZ-

1

MOTA struck A.P. in the head and pulled her hair. With the assistance of bystanders, Ivan GODINEZ-MOTA eventually released A.P.'s hair, and she walked away towards her car.   A.P. saw Ivan GODINEZ-MOTA holding a gun in his hand and he pointed it towards A.P.'s car. Ivan GODINEZ-MOTA discharged a firearm while A.P. was in the car, hitting her vehicle four times.

6.      On June 3, 2025, a state arrest warrant for Ivan GODINEZ-MOTA was issued on charges of aggravated assault with a deadly weapon, shooting into an occupied vehicle, and discharging a firearm in public. The case was adopted for apprehension by the  Florida/Caribbean Regional Fugitive Task Force (FCRFTF), and ICE was notified.

7.      A review of the immigration records shows that Ivan GODINEZ-MOTA is a native and citizen of Mexico. Records further show that on or about November 26, 2018, Ivan GODINEZ-MOTA was ordered removed from the United States. The Order of Removal was executed on or about December 6, 2018, whereby Ivan GODINEZ-MOTA was removed from the United States and returned to Mexico.

8.      Thereafter, Ivan GODINEZ-MOTA re-entered the United States illegally and on or about March 14, 2023, he was expelled from the United States and returned to Mexico under provisions of Title 42, United States Code, Section 265.

9.      A records check was performed in the Computer Linked Application Informational Management System to determine if Ivan GODINEZ-MOTA filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Ivan GODINEZ-MOTA obtained consent from the

2

Attorney General of the United States or from the Secretary of Homeland Security for re-admission into the United States, as required by law.

10. On or about January 25, 2026, Ivan GODINEZ-MOTA was arrested in Montgomery County, Texas on the outstanding warrant from Palm Beach County, Florida. Ivan GODINEZ-MOTA was extradited and on or about February 18, 2026, was booked at the Palm Beach County Jail.

11. Ivan GODINEZ-MOTA's fingerprints taken in connection with his February 18, 2026 booking at the Palm Beach County were scanned into the IAFIS system. Results confirmed that the scanned fingerprints belong to the individual who was previously removed from the United States, that is, Ivan GODINEZ-MOTA.

12. Based on the foregoing, I submit that probable cause exists to believe that, on or about May 23, 2025, Ivan GODINEZ-MOTA, an alien who was previously deported and removed from the United States, was found in the United States without having received express consent from the Attorney General or the Secretary of the

3

Department of Homeland Security for re-admission into the United States, in violation of

Title 8, United States Code, Section 1326(a).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 26 day of February 2026.

_____
RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: IVAN GODINEZ-MOTA

**Case No**:

Count #1

Illegal Re-entry after Removal

Title 8, United States Code, Section 1326(a)

* **Max. Term of Imprisonment:**   2 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**   1 Year
* **Max. Fine:**  $250,000
* **Special Assessment:**   $100

*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.